IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT WILLIAMS,

                          Plaintiff,

    v.

JOSEPH HARRIS,

                          Defendant.

OPINION & ORDER

14-cv-785-jdp

---

Plaintiff Roosevelt Williams, a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution (CCI), filed this proposed civil action in the Columbia County Circuit Court, bringing claims that he is being harassed, his property being destroyed, and that he is danger. The case was then removed to this court by defendant Joseph Harris, whom I understand to be a CCI staff member. Defendant states that this case is removable because plaintiff raises constitutional claims over his mistreatment in prison, including allegations of threats of excessive force and retaliatory acts. I agree that plaintiff's constitutional claims make this case removable. *See* 28 U.S.C. § 1441(a).

The next step is for the court to screen plaintiff's pleading (it is styled as a petition for temporary restraining order but I will construe it as a civil complaint) and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After considering plaintiff's allegations, I will deny plaintiff leave to proceed on his claims and dismiss his complaint for failure to comply with Federal Rule of Procedure 8, but I

will give him an opportunity to submit an amended complaint that more clearly explains the basis for his claims.

Following removal, plaintiff filed a separate motion for "emergency temporary injunctive relief," Dkt. 7, that fails to add any clarity regarding the precise nature of his claims or the identity of the proper defendant or defendants. I will deny this motion without prejudice, which will allow plaintiff to renew his motion at a later date.

ALLEGATIONS OF FACT

Plaintiff Roosevelt Williams is currently an inmate at the Columbia Correctional Institution.

Defendant Joseph Harris, a prison staff member, calls plaintiff racial slurs. "They" (I understand plaintiff to mean multiple prison staff members) destroy plaintiff's personal property, write false conduct reports against him, and threaten to place plaintiff in solitary confinement. The grievances plaintiff files are rejected and prison staff members cover up each other's misdeeds. Plaintiff states, "Every day I'm reminded how much Joseph Harris hates me" and that he is going to be placed in protective custody "because of imminent danger." He names other prison officials in his complaint but does not include them as defendants.

ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is

fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff's complaint does not comply with these rules because his vague allegations do not make clear what actions named defendant Harris is responsible for. The only clear allegation against Harris is that he calls plaintiff racial slurs, but this does not raise a constitutional claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2002) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."). Otherwise, plaintiff seems to be saying that multiple prison staff members are violating his rights but he is not specific about the particular actions each staff member was involved in, nor does he explain what "imminent danger" he currently faces. Because constitutional claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in the constitutional violation, see *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant who plaintiff wishes to sue in these actions must be able to understand what he or she is alleged to have done to violate plaintiff's rights. Even though plaintiff mentions other prison staff members in his allegations, he cannot proceed on claims against any staff members who are not named in the caption of his pleading.

Plaintiff's separate motion for injunctive relief only adds to the confusion. In that motion he names Michael Dittman (whom I understand to be the warden of CCI) as the sole defendant instead of Harris. Plaintiff attaches documents indicating that his wedding ring was confiscated and money taken from his account, but it is unclear what role, if any, either Dittman or Harris had in those events. Plaintiff does not explain the danger he currently faces.

Plaintiff's allegations raise a second potential problem: he seems to be asserting a variety of presumably unrelated claims against CCI staff. Although plaintiff's Rule 8 problems make it impossible to tell precisely which defendants are responsible for each alleged constitutional violation, his allegations might also violate Federal Rule of Civil Procedure 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Because plaintiff's complaint does not comply with Rule 8 and likely does not comply with Rule 20 either, I will dismiss it in its entirety. However, I will give plaintiff a chance to file an amended complaint in which he names as a defendant each prison employee he wishes to sue and sets out his claims against each of the defendants in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. He should state the facts of what actually happened rather than make broad allegations to the effect that his rights were violated without explaining exactly how he thinks his rights were violated. In doing so, plaintiff should keep in mind that he will not be able to proceed on unrelated claims against separate defendants in a single lawsuit.

4

As for plaintiff's motion for "emergency temporary injunctive relief," even if I were to consider this filing as a properly filed motion for temporary restraining order under Federal Rule of Civil Procedure 65(b), plaintiff falls far short of showing that this is one of the extremely rare situations in which the court would issue an *ex parte* restraining order changing the status quo of a prisoner's treatment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (issuance of temporary restraining orders is generally "restricted to . . . preserving the status quo"); *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1979) (While "there may be situations justifying a mandatory temporary injunction compelling the defendant to take affirmative action, . . . mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.").

To the extent that I would consider plaintiff's motion as one for preliminary injunctive relief under Rule 65(a), the motion does not comply with this court's procedures to be followed on motions for injunctive relief. Under these procedures, a plaintiff must file with the court and serve on defendants proposed findings of fact supporting his claim, along with any evidence he has to support those findings and his request for relief. In addition, there is no reason to proceed on briefing the motion because of the uncertainty involved over the precise nature of the underlying claims in this lawsuit. I will deny the motion without prejudice to renewing it at a later time.

To assist plaintiff in submitting his amended complaint and any further preliminary injunction motion, I will attach to this order a copy of this court's complaint form and procedures for briefing motions for injunctive relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Roosevelt Williams is DENIED leave to proceed on his claims in this case, and plaintiff's complaint is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff's motion for "emergency temporary injunctive relief," Dkt. 7, is DENIED without prejudice.

3. Plaintiff may have until June 23, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered June 2, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge